SHIVERS, Judge.
This appeal is the result of the second lawsuit between the appellant and the ap-pellees concerning a group of orchid plants which appellant delivered to appellees on January 3, 1974. In the first of these lawsuits, appellant filed a complaint in the Circuit Court of Duval County, Florida, seeking damages for goods sold and delivered. The goods which were alleged to have been sold to the appellees were the same orchid plants which appellant, in this action, alleges were converted by appellees. After a trial in the first case, the court found that the appellees had not agreed to purchase the plants. The trial court found in material part that:
“There was no meeting of the minds on the purchase and sale of the schedule ‘A’ plants and such plants are the property of the plaintiff.”
At the time of the trial in the first case, the orchid plants were in the possession of the appellees. The appellant thereafter filed a second suit, alleging that appellees had converted the orchid plants. Following trial without a jury, the court made the following findings:
“ . . .4. After the final judgment (following the first lawsuit) was entered, and the decision was made not to appeal said judgment, the attorney for the plaintiff inquired of counsel for the defendants when the plaintiff could pick up the orchids from the defendants. Subsequently, counsel for the plaintiff inquired of counsel for the defendants on two separate occasions when plaintiff could pick up the orchids from the defendants. The attorney for the defendants never did say when the plaintiff or his agents could get the plants.
# * # * * *
6. The original possession of the plants by the defendants was lawful. Under these conditions, a demand by the plaintiff and refusal by the defendants are necessary prerequisites to conversions. 7 Fla. Jur., Conversion, Section 17 (P. 280).
* * * * # *
8. The inquiries to defendants’ agent did not meet the requirements of legal demand.
9. The plaintiff has failed to meet the burden of proof necessary to prove an action in conversion.”
The court thereafter entered judgment in favor of the appellees and this appeal followed.
The demand relied upon by appellant consisted of three inquiries of the lawyer who represented appellees in the first lawsuit couched in the following terms:
“Will you please tell me when my client can pick up the orchids from your clients?”
We appreciate the courteous approach taken by counsel for appellant. We are of *307 the opinion, however, and so hold, that counsel for appellant should have taken the further step of making a formal demand of the appellees for the return of the orchids. The demand should have been stated in absolute and unequivocal terms. The appellant should have demanded return of the orchids by a date certain. Our opinion is not to be construed as discouraging a demand couched in polite and civil terms.
The decision of the trial court will be affirmed.
BOOTH, J., concurs.
ERYIN, Acting C. J., specially concurs.